*E-FILED 11-01-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| INNOVATIVE AUTOMATION, LLC, | No. C11-03410 HRL |
|---|---|
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| MEDIATECHNICS SYSTEMS, INC.; TIBI SZILAGYA; and COPTECH DIGITAL, INC., | |
| Defendants. | [Re: Docket No. 14] |

Plaintiff Innovative Automation, LLC (Innovative Automation) sues for alleged infringement of United States Patent No. 7,174,362. According to plaintiff, the patent-in-suit describes and claims a computer-implemented method of digital data duplication.

Now before the court is Innovative Automation's motion for leave to file a first amended complaint adding several new defendants.[1] The court has received no opposition to the motion. Upon consideration of the moving papers, as well as the discussion held at the hearing, plaintiff's motion to amend is granted.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the

---

[1] At the motion hearing, plaintiff (1) advised that it has reached a settlement with defendant Coptech Digital, Inc. and (2) withdrew its motion to strike the "Answer to Complaint" filed by Coptech's President, Thomas E. Cherry. Plaintiff's motion to strike therefore is denied as moot.

1  sound discretion of the trial court.  See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).
2  Leave need not be granted, however, where the amendment would cause the opposing party
3  undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.
4  Foman v. Davis, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of
5  the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting
6  leave to amend."  Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
7      Here, plaintiff seeks to add three new defendants:  Richard Wilson, Vinpower, Inc., and
8  Vinpower Digital, Inc.  Innovative Automation believes that Wilson is at least partially
9  responsible for the sale of the accused devices of defendant Mediatechnics Systems, Inc.
10 (Mediatechnics).  Vinpower, Inc., and Vinpower Digital, Inc. allegedly manufacture the same
11 accused Mediatechnics machines.  Based on representations that these three proposed
12 defendants make, offer to sell, and sell the same accused product, see 35 U.S.C. § 299, and
13 given the relatively early stage of this litigation, the court concludes that the requested
14 amendment should be permitted.  Plaintiff shall promptly file its proposed First Amended
15 Complaint as a separate docket entry.
16     SO ORDERED.
17 Dated: November 1, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

2

5:11-cv-03410-HRL Notice has been electronically mailed to:

Adam Gutride     adam@gutridesafier.com

Seth Adam Safier     seth@gutridesafier.com

Todd Michael Kennedy     todd@gutridesafier.com

Victoria L.H. Booke     vbooke@gmail.com, peter@bookelaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:11-cv-03410-HRL Notice sent by U.S. Mail to:

Thomas E. Cherry, President
Coptech Digital, Inc.
100 Cummings Park
Woburn, MA 01801